IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGINIA SUE NOBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:08-CV-780-WKW [WO] |
| | ) |
| PMTD RESTAURANTS, LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Virginia Sue Noble's ("Noble") motion to remand for lack of subject matter jurisdiction. (Doc. # 26.) For the reasons to follow, the motion is due to be granted.

Defendant PMTD Restaurants, LLC ("PMTD") removed this case on September 19, 2008, from the Circuit Court of Elmore County, Alabama, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[1] (Doc. # 1.) After thirty days had elapsed,[2] the court entered a Rule 26(f) Order (Doc. # 10) and the parties submitted a report on their planning meeting (Doc. # 11). On December 1, 2008, a Uniform Scheduling Order was entered. (Doc. # 13.) On February 14, 2009, Noble moved for leave to add all of the remaining

---

[1] PMTD states in its first sentence of its notice of removal that the grounds for removal is 28 U.S.C. § 1331, federal question jurisdiction, but bases removal on and argues only for diversity jurisdiction. (Doc. # 1.)

[2] *See* 28 U.S.C. § 1447(c).

present Defendants (collectively "Landlord Defendants") to the complaint.[3]  (Doc. # 17.)  As grounds for her motion, Noble relied upon PMTD's notice that it will argue that the Landlord Defendants are liable for Noble's claims.[4]  (Doc. # 17 ¶ 1.)  In a supplement to her motion, Noble represented to the court that counsel for PMTD had expressly consented to Noble amending her complaint.  (Doc. # 20 ¶ 7.)

The motion to amend was granted in part and denied in part.  (Doc. # 21.)  Noble was prohibited from adding the fictitious defendants she requested to add, but in every other respect, the motion was granted.  Noble filed her First Amended Complaint on March 16, 2009, joining the Landlord Defendants.  (Doc. # 25.)  The amended complaint states that all of the added Defendants are citizens of Alabama.  (Doc. # 25 ¶ 3.)  Noble alleges she is a citizen of Alabama as well.[5]  (Doc. # 25 ¶ 1.)  On the same day that Noble filed her amended complaint, she also filed a motion to remand for lack of subject matter jurisdiction.  (Doc. # 26 ¶ 4.)  A motion to remand for lack of subject matter jurisdiction may be filed at any time.  *See* 28 U.S.C. § 1447(c); *see, e.g.*, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007) (noting that motions to remand based on lack of subject matter jurisdiction, as opposed to those based on procedural defects, may be made at any time).

---

[3] Noble styled her motion as one for leave to amend her complaint, but her request was effectively for joinder under Rule 20 of the Federal Rules of Civil Procedure.  *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

[4] (*See* Doc. # 26 for supporting documentation.)

[5] PMTD is alleged to be a "foreign" corporation.  (Doc. # 25 ¶ 2.)

"Diversity jurisdiction, as a general rule, requires complete diversity – every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994). While it is true that generally "'[d]iversity jurisdiction, once established, is not defeated by a nondiverse [dispensable] party to the action,'" that is not the rule for all cases. *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam)). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). According to § 1447(e), a district court "[has] no discretion to add [a non-diverse party] as a defendant, retain jurisdiction and decide the case on the merits." *Ingram*, 146 F.3d at 862. When § 1447(e) applies, the district court is "left with only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Id.* Thus, district courts should consider § 1447(e) when faced with a plaintiff requesting to join non-diverse parties after a diversity jurisdiction case has been removed. *Id.*

The diverse Defendant in this case, however, agreed to joinder of non-diverse defendants.[6] Noble filed an amended complaint adding those non-diverse Defendants. Section 1447(e) therefore requires remand.

---

[6] It was also clear that joining the non-diverse Defendants satisfied the requirements under Rule 20(a)(2).

Accordingly, it is ORDERED that Noble's motion to remand (Doc. # 26) is GRANTED.  This case is REMANDED to the Circuit Court of Elmore County, Alabama.  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 20th day of May 2009.

      /s/  W.  Keith  Watkins
UNITED STATES DISTRICT JUDGE